# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In re: | Adversary No. _____ |
| Kara D. Dean | Case No. 20-10775 |
| Debtor(s) | (Chapter 7) |
| | Judge Buchanan |
| Kara D. Dean | |
| 2823 Highland Ave, Apt. 1 | |
| Cincinnati, OH 45211 | |
| | **COMPLAINT TO AVOID TRANSFER,** |
| Plaintiff | **UNDER 11 U.S.C. § 522, AND TO** |
| | **RECOVER MONEY TRANSFERRED,** |
| vs. | **AND FOR RELATED RELIEF** |
| Credit Acceptance Corp. | |
| 25505 West Twelve Mile Rd. | |
| Suite 3000 | |
| Southfield, MI 48034-8339 | |
| Credit Acceptance Corp. | |
| c/o Corporation Service Co., Statutory Agent | |
| 50 West Broad Street, Suite 1330 | |
| Columbus, OH 43215 | |
| Defendant. | |

Now comes Plaintiff, by and through counsel, and for her complaint against Defendant, makes the following averments:

### Jurisdictional Statement

1. This action arises out of In re Kara D. Dean, Bankruptcy Case No. 20-10775, pending in the United States Bankruptcy Court for the Southern District of Ohio, Western Division, at Cincinnati, and is brought pursuant to B.R. §§ 7001(2) and 7003.

2. This Court has jurisdiction over the subject-matter of this action, pursuant to 28 U.S.C. §1334 and 28 U.S.C. § 157.

3. This action is a core proceeding as that term is defined at 28 U.S.C. § 157(b)(2).

### Factual Background

4. Plaintiff filed a petition commencing the underlying bankruptcy case on March 11, 2020.

5. As of the commencement of said case, Plaintiff was indebted to Defendant in the approximate amount of $7,520.00.

6. On or from the dates of December 12, 2019 through March 11, 2020, Defendant caused a transfer or transfers of property of Plaintiff (which may hereinafter be referred to either singularly or plurally) in the form of a wage garnishment(s) occurring on or within said dates, in execution of a civil judgment entered in Case No. 19CV11513, in the Municipal Court, Hamilton County, State of Ohio.

7. Specifically, the property transferred consists of amounts totaling $ 1,424.23   (hereinafter,"funds"), which were withheld or withdrawn from the earnings of Plaintiff.

7a. And, on March 17, 2020, there were some additional monies garnished post-filing of the Bankruptcy case received by Defendant, to which $ 171.43  would also need to be returned to my clients

8. At the time of any transfer, rights to the entirety of the funds were wholly and exclusively vested in Plaintiff.

9. The funds were transferred to or for the benefit of a creditor, the Defendant, for or on account of an antecedent debt owed by Plaintiff before such transfer was made.

10. The transfer was made while Plaintiff was insolvent, and was made on, or within the 90 days preceding, the date of the filing of the underlying bankruptcy petition.

11. Upon delivery thereof, the transfer of funds would enable Defendant to receive more than such creditor would receive if the transfer had not been made and Defendant received payment of its claim to the extent provided by the provisions of 11 U.S.C. §§ 522 and 547.

12. The transfers are avoidable by the appointed Chapter 7 Trustee as preferential transfers, under 11 U.S.C. § 547.

13. The Trustee has not attempted to avoid the transfer(s), and the Trustee has indicated through the filing of a Report of No Distribution that the Trustee would undertake no such effort in the underlying estate case.

14. No transfer of funds constituted a voluntary transfer by Plaintiff.

15. Plaintiff did not conceal the funds or the transfer thereof.

16. Plaintiff would have been entitled, under 11 U.S.C. § 522(g)(1), to claim the funds as exempt if the Trustee had avoided the transfer, to the extent of $ 1,325.00  .

17. Plaintiff has asserted, or could assert, available and unused exemptions against the funds, under O.R.C. § 2329.66(A)(3) and (18), to the extent of $ 1,325.00  .

## First Claim

18. Plaintiff incorporates the averments of Paragraphs 4 through 17, as if fully restated herein.

19. Plaintiff is entitled, under 11 U.S.C. § 522(h), to an order avoiding the transfer of funds in the full amount of $ 1,325.00 , on the grounds that the transfer is avoidable by the Trustee as a preference under 11 U.S.C. § 547 which the Trustee has not sought to avoid.

**Second Claim**

20. Plaintiff incorporates the averments of Paragraphs 4 through 17, as if fully restated herein.

21. Plaintiff is entitled, under 11 U.S.C. § 522(i), to judgment against Defendant in the amount of $ 1,325.00.

**Third Claim**

22. Plaintiff incorporates the averments of Paragraphs 4 through 17, as if fully restated herein.

23. Plaintiff is entitled, under 11 U.S.C. § 522(i), to an order requiring Defendant to immediately deliver the subject funds into Plaintiff's possession, to the extent of $ 1,325.00 .

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant on the claims asserted herein-above, and for relief as follow:

a. An order avoiding the aforesaid transfer(s) of funds in the amount of $ 1,325.00 ;

b. An award of judgment against Defendant in the amount of $ 1,325.00 ;

c. An order requiring turnover of the aforesaid funds in the amount of $ 1,325.00  (such turnover to constitute full satisfaction of judgment);

d. An order requiring turnover of the March 17, 2020 post-petition distribution of $ 171.43 ;

e. An award of any additional or alternative relief as may be just and proper at law or in equity;

f. Costs of this action, including reasonable attorney fees.

Respectfully submitted,

 /s/ Arthur M. Richard III
Arthur M. Richard III (00623291)
Attorney for Debtor(s)
114 East 8th St., Suite 400
Cincinnati, Ohio 45202
(513) 651-4357; Fax (513) 621-2525
amrlaw@fuse.net